liMURRAY, Judge.
Ethen Crawford appeals his conviction of possession of more than 400 grams of cocaine. Mr. Crawford alleges that the trial court erred when it forced him to proceed to trial on his motion to suppress evidence without benefit of counsel.
Ethen Crawford and his co-defendant were arrested as a result of an undercover investigation which was a cooperative effort by the Jefferson and Orleans police departments.
After making several small cocaine purchases from unidentified males driving cars registered to Ethen Crawford, who was suspected as being the head of the drug ring, the officers set up a meeting to purchase one-half of a kilo of cocaine. A surveillance team saw Mr. Crawford driving a 300 ZX in *951 the parking lot of the Plaza Shopping Mall where the narcotics buy was to take place.
The officers did not approach Mr. Crawford at that time because they did not have the money to make the buy. When the time for the meeting had passed the officers were paged by Donald Autry. They arranged to meet and complete the deal in Gretna a short time later.
|2The officers on surveillance observed Ethen Crawford and Donald Autry enter a Days Inn Motel across the street from the shopping center, exit with a gym bag, and drive off. The officers believed that the pair was headed toward Gretna, and decided to stop them.
A search of Mr. Crawford’s car turned up a nine milimeter pistol and the gym bag, which contained approximately 520 grams of cocaine. Mr. Crawford and Mr. Autry were taken to police headquarters, where Ethen Crawford signed a form consenting to a search of his apartment and vehicle. The search of his apartment resulted in a seizure of additional cocaine. Ethen Crawford and Donald Autry were each charged with possession of over 400 grams of cocaine.
Both defendants pled not guilty to the charges. Donald Autry was represented by OIDP, and Ethen Crawford was represented by Donald Pinkston, retained counsel. Mr. Pinkston filed a number of pre-trial motions including a motion to suppress the evidence. Counsel for Mr. Autry also filed pre-trial motions. Hearing on the pre-trial motions originally was scheduled for November 28, 1991, on that date the trial court continued the motions because counsel for Mr. Autry was not present.
The pre-trial motions were reset and continued at least ten times over the next year. When Mr. Pinkston, Ethen Crawford’s counsel, failed to appear for hearing on May 7, 1993, the matter was continued June 1, 1993. The trial judge advised Mr. Crawford that he would appoint counsel to represent him if Mr. Pinkston failed to appear at the next hearing date.
Mr. Pinkston was not present on June 1, 1993. Counsel for co-defendant Donald Au-try was present, but stated that he represented Mr. Autry only. The court did not appoint counsel to represent Mr. Crawford. It went forward with the hearing, at which Mr. Crawford attempted to represent himself, and denied the suppression motion.
Mr. Crawford was tried on August 16, 1993. The court returned a responsive verdict of guilty of possession of over 28 but less than 200 grams of cocaine. He was sentenced to serve five years at hard labor without the benefit of probation, parole, or suspension of sentence.
lain his sole assignment of error Mr. Crawford contends that the trial court erred when it required him to proceed to trial on the motion to suppress without the benefit of counsel. The State concedes that the motion hearing was a critical stage of the prosecution, and that the defendant was denied his constitutional right to the assistance of counsel. However, the State argues that this was harmless error in the context of the case. We disagree.
The right to the assistance of counsel is so fundamental to the constitutional guarantee of a fair trial that its denial is not considered harmless error. Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). The Louisiana Supreme Court has held that the pre-trial hearing on a motion to suppress evidence is a critical stage of the proceedings at which the right to counsel of defendant’s choice attaches. The denial of counsel of choice at this stage of the proceedings constitutes reversible error. State v. Roberts, 569 So.2d 671 (La.App. 2d Cir.1990).
Ethen Crawford was not only denied counsel of his choice, he was denied any legal representation whatsoever at the suppression hearing. The trial court’s frustration at having the pre-trial motions set and continued ten times is understandable, but it does not justify the denial of Mr. Crawford’s constitutional right to counsel.[1]
*952 The sentence and conviction are reversed, and this matter is remanded for a new trial.
REVERSED AND REMANDED.

. This is not a situation where a defendant was forced to proceed at the suppression hearing with appointed counsel rather than counsel of his choice. If it were we would be compelled to consider whether the trial court’s actions were arbitrary and unreasonable. See, Fuller v. Diess- *952 lin, 868 F.2d 604 (3rd Cir.), cert. den. 493 U.S. 873, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989); State v. Roberts, 569 So.2d 671 (La.App. 2nd Cir. 1990).